UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-14920-(AIH) |
| | ) | |
| Richard McKay Osborne, Jr., | ) | Chapter 7 |
| | ) | |
| Tricia A. Osborne | ) | |
| | ) | |
| Debtors. | ) | Judge Arthur I. Harris |
| _____ | ) | |
| | ) | |
| Daniel M. McDermott, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proceeding No. _____ |
| vs. | ) | |
| | ) | |
| Richard McKay Osborne, Jr., | ) | |
| | ) | |
| Tricia A. Osborne, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT TO REVOKE DISCHARGE PURSUANT TO 11 U.S.C. § 727(d)**

The plaintiff Daniel M. McDermott, the United States Trustee for Region 9, (the "United States Trustee") brings this action pursuant to section 727(d) of Title 11 of the United States Code (the "Code") to revoke the chapter 7 discharge of Richard McKay Osborne, Jr. and Tricia A. Osborne (the "Defendants"), the debtors in underlying bankruptcy case no. 17-14920-(AIH) (the "Underlying Case") and for such other relief as may be just and proper. In support, The United States Trustee states:

1

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. Pro. 7001 to revoke the Defendants' chapter 7 discharge. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

2. The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 307 & 727(d).

3. This complaint is timely pursuant to 11 U.S.C. § 727(e)(1).

4. On August 21, 2017, the Defendants filed a voluntary petition for relief to discharge their debts under chapter 7 of the Code in the Underlying Case (the "Petition Date"). Bankr. Case No. 17-14920-(AIH), Dkt. 1.

5. Along with their petition, the Defendants filed bankruptcy schedules, statements and forms that they signed under penalty of perjury (collectively, the "Schedules"). Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 6, 96, 104, & 109.

6. As set forth on *Schedule I: Your Income* ("Schedule I"), the Defendants are realtors employed by Osborne Real Estate Services, LLC. Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 92.

7. The Defendants jointly own Osborne Real Estate Services, LLC. Together, the Defendants have all the membership interests in Osborne Real Estate Services, LLC. Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 13.

8. The Defendants filed the *Statement of Financial Affairs* ("SOFA") that they signed under penalty of perjury. Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 97-104.

9. On SOFA question #4, the Defendants represented that their income from employment "[f]rom January of current year until the date you filed your bankruptcy" was as

follows: "Debtor 1" (Defendant Richard McKay Osborne, Jr.) had gross income from employment of $79,800.00 and "Debtor 2" (Defendant Tricia A. Osborne) had gross income from employment of $10,500.00. Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 97.

10. On SOFA question #5, the Defendants answered "No" to the question: "Did you receive any other income during this year or the two previous calendar years?" Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 98.

11. On SOFA question #18, the Defendants responded to the question: "Within two years before you filed bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred within the ordinary course of your business or financial affairs?" by disclosing (1) the sale of a "1995 See Doo" [sic] to an unknown third party for $200.00 on August 2, 2017; and (2) the trade-in of a 2013 Ford Explorer to Classic Ford of Mentor in May 2017. Bankr. Case No. 17-14920-(AIH), Dkt. 1 at 101.

12. The United States Trustee appointed David O. Simon to serve as the Chapter 7 Trustee in the Underlying Case (the "Trustee").

13. On September 28, 2017, the Trustee conducted the section 341 meeting of creditors (the "341 Meeting").

14. During the 341 Meeting, the Trustee asked the Defendants "In the last four years did either of you sell, transfer, or give anything you own away?" to which both Defendants answered "No."

15. On November 27, 2017, the Court entered an order granting the Defendants the chapter 7 discharge.

16. On January 17, 2018, a creditor advised the Trustee that on June 6, 2017 (approximately two and one-half months before the Petition Date), Elemetal Direct USA, LLC

3

("Elemetal") issued a check for $69,553.54 to the Defendant Richard McKay Osborne, Jr.

17. Elemetal issued the check to the Defendant in exchange for the remains of a metallic object of irregular shape, about the size of a man's fist. This object contained the precious metals gold and silver, and the Defendants and their family sometimes referred to it as the "gold blob" or simply the "blob" (henceforth, the "Object").

18. The Object was part of a cache discovered by the diver and treasure-hunter Mel Fisher in the Florida Keys during an expedition financed by the deceased grandfather of the Defendant Richard McKay Osborne, Jr.

19. In or around May 2017, the Defendant's father Richard McKay Osborne, Sr. ("Osborne Sr.") transferred the Object to the Defendant for the purpose of valuing it and marketing it, and agreed to split the profits with him.

20. In May and June of 2017, the Defendant devoted approximately forty hours in total attempting to identify, assay and market the Object.

21. Unable to locate in the nearby vicinity a crucible of sufficient width to assay it, the Defendant used heavy equipment to saw the Object into smaller fragments. He subsequently collected these fragments (including the dust), and turned it over to Elemetal in order to assay and value the Object's remains.

22. After assaying the remains of the Object, Elemetal and Defendant negotiated a sale of the resulting gold and silver bars for $69,553.54

23. On June 7, 2017, the Defendant endorsed the check and deposited it into an account of RMO, Inc. a company owned by Osborne Sr.

24. On June 7, 2017, the Defendant made a deposit of $28,000 from the sale of the Object into an Erie Bank checking account ending in #4879 in the name of Osborne Real Estate

Services.

25. Five days later, on June 12, 2017, the Defendant Richard McKay Osborne, Jr. issued a check from the same account to the Moseman Law Office for $2,835.00 with the notation "BK Filing."

26. Both of the Defendants have signatory authority on the Erie Bank checking account ending in #4879.

27. On or before the Petition Date, both of the Defendants knew that Defendant Richard McKay Osborne, Jr. had deposited the proceeds from the sale of the Object into the Erie Bank checking account ending in #4879.

28. During a Court-authorized examination of the Defendant Richard McKay Osborne, Jr. (the "Rule 2004 Exam"), he testified that the money he received from the marketing and sale of the Object was a gift and not a commission.

29. Prior to the Petition Date, the Defendant Tricia A. Osborne had actual knowledge that her husband had possession of the Object.

30. Prior to the Petition Date, the Defendant Tricia A. Osborne had actual knowledge that her husband had spent hours attempting to identify, assay, and market the Object.

31. Prior to the Petition Date, the Defendant Tricia A. Osborne had actual knowledge that her husband had sold the Object.

32. Prior to the Petition Date, the Defendant Tricia A. Osborne had actual knowledge that her husband had received income as a result of the sale.

33. Prior to the Petition Date, the Defendant Tricia A. Osborne had actual knowledge that her husband had made a deposit of $28,000 into the Erie Bank checking account ending in #4879.

34. On December 12, 2017, Osborne Sr. filed a petition for relief under chapter 11 of Title 11, in Case No. 17-17361.

35. The Defendants knowingly and fraudulently—or else with a reckless disregard for the truth—misrepresented their prepetition transfers on SOFA.

36. The Defendants knowingly and fraudulently—or else with a reckless disregard for the truth—misrepresented their incomes on SOFA.

## **COUNT 1**

37. The United States Trustee incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

38. Section 727(d) states in pertinent part:

On request of… the United States Trustee…and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—(1) such discharge was obtained through fraud of the debtor, and the requesting party did know of such fraud until after the granting of such discharge[.]

11 U.S.C. § 727(d)(1).

39. In or in connection with the Underlying Case, the Defendants knowingly and fraudulently—or else with a reckless disregard for the truth—made one or more false oaths, thereby obtaining their discharges by fraud. *See* Keeney v. Smith (In re Keeney), 227 F.3d 679, 685-686 (6th Cir. 2000).

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter an order revoking the Defendants' discharges pursuant to 11 U.S.C. § 727(d), and for such further relief as this Court deems just and proper.

Respectfully submitted,

Daniel M. McDermott
United States Trustee Region 9

by: */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)
scott.r.belhorn@usdoj.gov