IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

RICHARD MCKAY OSBORNE, JR.   CASE NO: 17-14920 aih

DANIEL M. MCDERMOTT   CHAPTER 7
UNITED STATES TRUSTEE

        Plaintiff   ADVERSARY PROCEEDING NO. 18-01124 aih

    Vs

RICHARD MCKAY OSBORNE, JR.
    &
TRICIA A. OSBORNE

        Defendants

**DEBTOR'S RESPONSE TO U.S. TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

Now come Debtors, Richard M. Osborne, Jr and Tricia Osborne, by and through undersigned counsel and respond to the US Trustee's Response to Their Motion for Summary Judgment and to request that this Court grant Summary Judgment in favor of Debtors in the above captioned matter.

For cause Debtor's State that the Response of the United State Trustee does not reflect the original Complaint filed by the U.S. Trustee wherein it requested a denial of Debtor's discharge for allegedly fraudulently failing to disclose the sale of a 'gold blob'. In its response the U.S. Trustee creates a completely new and separate cause of action that is not the subject of its Complaint to Revoke Discharge. It does not address the matter of the Complaint which is limited to the alleged fraudulent failure to disclose the ownership of the 'gold blob' and its transfer. The Debtor's Motion for Summary Judgment addresses the allegation that the Debtor's 'knowingly

1

and fraudulently' omitted a transfer of an asset owned by them. The proof that the Debtor's never believed that hey owned the asset and had a right to claim it was demonstrated as such that reasonable minds can only come to the conclusion that they did not commit a act that would warrant the revocation of their discharge. Therefore, reasonable minds can only conclude that they did not violate the Bankruptcy Code and that their discharge should remain in effect.

The attempt of the U. S. Trustee to create a cause of action in its Response to a Motion for Summary Judgment on its own Complaint can only be determined to be over-reaching and not properly before this Court. Had the U.S. Trustee wished to bring the matter raised in its Response in this Court it had ample opportunity to do in its Complaint, which was filed on the last day upon which to do so. Therefore, the Response does not address the Debtor's Motion for Summary Judgment but instead attempts to bring an issue before this Court that was not plead in the Complaint and should be set aside by this Court as unresponsive.

Wherefore, Debtors renew their Motion for Summary Judgment on the issue that is properly before this Court and that the Complaint to revoke their discharge be denied.

Respectfully submitted,

/s/ Heather L. Moseman
Heather L. Moseman, Esq. (0076457)
MOSEMAN LAW OFFICE, LLC
Attorney for Debtors
8500 Station Street, Suite 210
Mentor, Ohio 44060
Telephone: 440-255-0832
heather@mosemanlaw.com

CERTIFICATE OF SERVICE

I certify that on July 23, 2019 a true and correct copy of the **DEBTOR'S RESPONSE TO U.S. TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT** was served:

Via the court's Electronic Case filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Scott R. Bellhorn, Office of US Trustee at scott.r.bellhorn@usdoj.gov

And by regular U.S. Mail, postage prepaid, on:

Richard M. and Tricia A Osborne, Jr. at 9050 Jackson Street, Mentor, OH 44060

/s/ Heather L. Moseman
Heather L. Moseman (0076457)
MOSEMAN LAW OFFICE, LLC